# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**DOMINIQUE DANIELS,**  CASE NO.: 4:19-CV-00078-MW-CAS
 FLA BAR NO.: 0539211

    **Plaintiff,**

vs.

**WAL-MART STORES EAST LP,**

    **Defendant.**

_____/

## REPORT OF THE PARTIES' PLANNING MEETING

The Parties jointly request a modification to the deadlines in the Court's Initial Scheduling Order (Doc. 5) for this action as set forth below.

1. The following persons conferred in compliance with this Court's order:

   Jim Garrity, representing the Plaintiff

   Diane M. Longoria, representing the Defendant

2. Initial Disclosures. The parties will complete by March 25, 2019 the initial disclosures required by Rule 26(a)(1).

3. Discovery Plan. The Parties propose this discovery plan:

   (a) Discovery will be needed on these subjects:

   All issues raised by the pleadings.

   (b) Fact discovery shall be completed by December 1, 2019.

    (c)    The maximum number of interrogatories and the dates on which responses are due will be governed by the Federal Rules of Civil Procedure.

    (d)    The maximum number of requests for admission and the dates on which responses are due will be governed by the Federal Rules of Civil Procedure.

    (e)    The maximum number of depositions by each party and limits on the length of depositions will be governed by the Federal Rules of Civil Procedure.

    (f)    Plaintiffs' expert disclosures and reports shall be due June 1, 2019. Defendant's expert disclosures and reports shall be due by July 1, 2019. Rebuttal expert reports, if any, by August 1, 2019.

    (g)    Parties shall supplement their discovery responses pursuant to Rule 26(e) in a reasonable time after supplementation becomes necessary, but no supplementation may occur less than 35 days prior to the close of discovery.

4. Other Items:

    (a) The Parties do not request a meeting with the Court before entry of a subsequent scheduling order.

    (b) The Parties do not request specific dates for a pretrial conference.

    (c)    The Parties propose that the last date to amend pleadings or to join parties shall be June 1, 2019.

    (d)    The Parties propose that the deadline to file dispositive motions shall be 21 days after the close of discovery, with response due 21 days after the filing of the dispositive motion to which the response is directed.

    (e)    The Parties discussed settlement and will continue to discuss the possibility of settlement as this case continues.

(j)  The parties request a trial be set on or after February 1, 2020.

(k)  The parties have conferred regarding the issue of Magistrate Judge jurisdiction and do not request Magistrate Judge jurisdiction.

(l)  Other Matters:

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"). One or more of the parties anticipate the disclosure or discovery of ESI in this case; and the parties agree:

(i)  Disclosure or production will be limited to data reasonably available to the Parties in the ordinary course of business or if data beyond what is reasonably available to the Parties in the ordinary course of business the Parties will discuss the anticipated scope, cost and time required for its disclosure or production, and who will bear the cost;

(ii)  The Parties will discuss potential locations, databases and custodians of potentially relevant ESI, including but not limited to email, as well as the ways in which potential relevant ESI may be adequately and efficiently searched (e.g., search term protocols, computer assisted review, etc.)

(iii)  ESI will be produced in its native format or in reasonably usable form; however, Excel, Access, or other databases available to the Parties in the ordinary course of business will be produced in native form;

(iv)  The Parties have discussed preservation of potentially discoverable data and information and custodians; and

(v)  The Parties intend for Fed. R. Evid. 502(b) to govern the standards for inadvertent production of privileged materials.

Dated:  March  8, 2019.

Respectfully submitted,

| | |
|---|---|
| */s/ Jim Garrity, Esq.*<br>Jim Garrity, Esq. [FBN 539211]<br>jim@mattoxlaw.com<br>**MARIE A. MATTOX, P.A.**<br>310 East Bradford Road<br>Tallahassee, FL  32303<br>Telephone:   (850) 383-4800<br>Facsimile:    (850) 383-4801<br><br>*Attorneys for Plaintiff* | */s/ Diane M. Longoria, Esq.*<br>Diane M. Longoria, Esq. [FBN 755834]<br>diane.longoria@qpwblaw.com<br>**QUINTAIROS, PRIETO, ETC**<br>114 E Gregory St FL 2<br>Pensacola FL 32502-4970<br>Telephone:   (850) 434-6490<br>Facsimile:    (850) 434-6491<br><br>*Attorneys for Defendant* |

4837-5396-8499, v. 1
DANIELS v. WAL-MART STORES, INC.